IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIAS GONZALEZ, ET AL.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **No. 19-1422** |
| **SEASHORE FRUIT & PRODUCE, ET AL.** | : | |
| **Defendants.** | : | |

Goldberg, J.                                                                                                May 21, 2020

## MEMORANDUM

The case before me concerns an automobile accident involving Plaintiff Elias Gonzalez and Defendant Scott Matthews, who was driving a truck on behalf of his employer, Defendant Seashore Fruit & Produce. Plaintiff seeks leave to amend his Complaint in order to add a claim for punitive damages, which Defendants oppose. For the following reasons, I will grant Plaintiff's Motion.

**I.   FACTS**

The original Complaint sets forth the following facts.

On November 20, 2017, Plaintiff was operating his 1996 Toyota T100 on Gap Newport Pike in West Fallowfield Township, Pennsylvania. While stopped in a line of traffic at a red light at the intersection of Highland Road, Plaintiff's vehicle was violently struck in the rear by a box truck owned by Defendant Seashore Fruit and Produce ("Seashore") and driven by Seashore's employee, Defendant Scott Matthews. (Compl. ¶ 5–9.)

The impact of Defendants' box truck with Plaintiff's Toyota caused the cab of the Toyota to fold inward, trapping Plaintiff inside and requiring that he be removed by fire rescue. In addition,

Plaintiff's car was pushed into the rear of the car stopped in front of him.  As a direct result of this crash, Plaintiff suffered serious personal injuries.  (Compl. ¶¶ 10–11, 14.)

Plaintiff brought a negligence action on April 3, 2019, against both Seashore and Matthews.  The parties proceeded through discovery and, on December 18, 2019, Plaintiff filed the current Motion to Amend his Complaint to include a claim for punitive damages.

## II.    STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ .P. 15(a)(1).  All further amendments require the other party's consent or the leave of the court. Rule 15(a)(2).

Rule 15 sets forth a liberal approach to pleading and "[t]he court should freely give leave when justice so requires."  Id.; see also Spartan Concrete Prods., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019).  "The policy favoring liberal amendments of pleadings, however, is not unbounded."  Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).  The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).  A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Lake, 232 F.3d at 373 (citing Foman, 371 U.S. at 182–83).  "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment."  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (internal quotation marks omitted).

2

**III.     DISCUSSION**

Plaintiff notes that, through discovery, he learned that on the date of the accident, Defendant Matthews was operating his employer's vehicle in violation of the Federal Motor Carrier Safety Administration's ("FMSCA") hours of service rules by driving the vehicle in question after his fourteen-hour work driving time had expired.  Plaintiff points out that Matthews's violation of this rule was not a first-time infraction; rather Matthews had violated the fourteen-hour limit approximately seventy-six times in the preceding eleven months—a fact of which Seashore was aware.  Plaintiff asserts that the purpose of the FMSCA hours of service regulations is to eliminate the type of drowsiness that can lead to crashes such as the one at issue here.  Based on this evidence, and the reasonable inferences therefrom, Plaintiff argues that both Matthews and Seashore acted recklessly, thus entitling Plaintiff to punitive damages.

Defendants respond that the record is devoid of evidence to support a claim for punitive damages—*i.e.*, that Defendants appreciated the risk of an accident and proceeded in conscious disregard of it—and, thus, any amendment is futile.  Further, they contend that Plaintiff is improperly attempting to assert a new cause of action after the expiration of the applicable limitation period.

### A.  <u>Whether a Claim for Punitive Damages is Futile</u>

The Pennsylvania Supreme Court has set forth the standard for punitive damages, noting:

> The standard for governing the award of punitive damages in Pennsylvania is settled.  Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.  As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.

<u>Hutchinson v. Luddy</u>, 870 A.2d 766, 770 (Pa. 2005) (internal quotations and citations omitted).  A plaintiff seeking punitive damages must establish that the defendant possessed the requisite state of

mind, and the defendant's action or inaction must be intentional, reckless, or malicious. Id. at 770–71. Stated differently, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Burke v. TransAm Trucking, Inc., 605 F. Supp. 2d 647, 652 (M.D. Pa. 2009) (citing Hutchinson, 870 A.2d at 772).

Repeatedly, courts have permitted claims for punitive damages to proceed in automobile negligence cases where the plaintiff has alleged that either the driver or the driver's employer displayed reckless indifference. See, e.g., Darden-Munsell v. Dutch Maid Logistics, No. 10-013, 2011 WL 3325863, at *3 (W.D. Pa. July 13, 2011) (declining to dismiss claim for punitive damages where complaint alleged that truck driver operated an overloaded tractor trailer while fatigued, intoxicated, on the phone, and in dangerous weather conditions, and that employer improperly trained driver and allowed him to drive in excess of the applicable hours of service); Burke v. TransAm Trucking, Inc., 605 F. Supp. 2d 647, 656 (M.D. Pa. 2009) (allegation that driver operated vehicle in violation of Federal Motor Carrier Safety Regulations could substantiate a claim for punitive damages; declining to grant summary judgment because evidence was conflicting); Sabo v. Suarez, No. 08-1889, 2009 WL 2365969, at *2 (M.D. Pa. July 31, 2009) (permitting discovery with respect to the plaintiff's claim for punitive damages when there was evidence the defendant truck driver drove through a red light when "the weather was wet and foggy and visibility was poor"); Esteras v. TRW Inc., No. 03-1906, 2006 WL 2474049, at *5 (M.D. Pa. Aug. 25, 2006) (finding, on summary judgment review, that genuine issue of material fact existed with respect to whether the defendant truck company and defendant truck driver and his employer acted with reckless indifference to the safety of the general public by failing to ensure the safety of their vehicles in violation of Federal Motor Carrier Safety Regulations, which allegedly caused the

accident at issue); Logue v. Logano Trucking Co., 921 F. Supp. 1425, 1427 (E.D. Pa. 1996) (denying a motion to dismiss a claim for punitive damages where the plaintiff alleged the defendant truck driver "operated an overloaded tractor trailer truck with improperly adjusted brakes at an excessive, unreasonable and imprudent rate of speed so that the truck could not stop for a red light").

Here, the proposed Amended Complaint alleges comparable facts in support of the request for punitive damages:

> 13. Defendant, Scott Matthews, at the time of the wreck, had been on the clock and driving a commercial truck for 14 or more hours in violation of the Federal Motor Carrier Safety Administration Regulations regarding "hours or service" allowed.
>
> 14. Defendant, Scott Matthews, with the knowledge and acquiescence of his employer, Defendant, Seashore, had exhibited a pattern and practice of working and driving a commercial box truck in excess of the Federal Motor Carrier Safety Administration hours of service rules.
>
> 15. Defendant, Seashore, knew on November 20, 2017, that Matthews was driving in disregard of the hours of service rules, yet took no steps to prevent harm to the motoring public.
>
> 16. Defendants, Matthews and Seashore, had engaged in a practice of violating hours of service rules, having done so 76 times in the 11 months before November 20, 2017. [Chart of dates that Matthews drove for Seashore in violation of the hours of service rules omitted]
>
> 17. Defendant, Scott Matthews, on the day of the wreck, should have seen that Plaintiff, Elias Gonzalez, had stopped his vehicle at a red traffic signal and he had ample time and distance to safely bring his commercial box truck to a stop without violently impacting the rear of Plaintiff's vehicle.
>
> 18. Defendant, Scott Matthews, in the moments before the wreck, was travelling at 54 mph before slamming on his brakes just 1.7 seconds prior to impact with the rear of Plaintiff's vehicle; Matthews' speed at impact was 35 mph.
>
> 19. Defendant, Scott Matthews' disregard for the hours of service rules caused him to be fatigued and inattentive to the road and traffic conditions.

(Proposed Am. Compl. ¶¶ 13–19.) Based on these allegations, Plaintiff posits that punitive damages are premised on a "willful and wanton pattern of disregard" for the Federal Motor Carrier Safety Regulations. (Id. ¶¶ 28(k), 31(d).)

Defendants do not challenge the legal viability of a punitive damages award in an automobile negligence action. Rather, asserting that the proposed amendment is futile, they cite to various portions of deposition testimony adduced during discovery and contend that the record is "devoid of any evidence" that either Defendant Matthews or Defendant Seashore acted with reckless indifference. (Defs.' Opp'n Mot. to Amend 10.)

Defendants' argument misapplies the standard for a denial of leave to amend based on an allegation of futility. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Holst v. Oxman, 290 F. App'x 508, 510 (3d Cir. 2008). "Given the liberal standard for the amendment of pleadings . . . courts place a heavy burden on opponents who wish to declare a proposed amendment futile." Synthes, Inc. v. Marotta, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (internal quotations omitted). The futility analysis in a motion to amend is essentially the same as in a Rule 12(b)(6) motion. Holst, 290 F. App'x at 510; see also Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). The court must take the factual allegations in the proposed amended complaint as true, and "[w]hile [d]efendants may ultimately present facts to dispute the allegations of the [proposed amended complaint], the Court is constrained to consider the factual underpinnings of the motion for leave to amend based upon the allegations set forth in the pleading itself." M.G. v. Crisfield, No. 06-5099, 2009 WL 2920268, at *7 (D.N.J. Sept. 11, 2009).

Taking the allegations of the proposed Amended Complaint as true, I find that a claim of punitive damages would withstand a motion to dismiss. If Matthews was indeed in knowing

violation of the hours of service limitations on the day of the accident, and if Seashore knew of that violation and let Matthews continue driving, Plaintiff could plausibly establish that Defendants acted with reckless indifference. Although the parties put forth competing evidence regarding whether Defendants actually knew of Matthews's violations of hours of service limitations in the Federal Motor Carrier Safety Regulations and whether those violations actually contributed to the crash at issue, consideration of this evidence is improper on a motion for leave to amend. As I am constrained by the Plaintiff's factual allegations in the proposed Amended Complaint, I find no basis for Defendants' futility argument.[1]

## B. **Whether Plaintiff's Motion is Untimely**

Defendants also urge that Plaintiff is improperly attempting to assert a new cause of action after the applicable limitation period has expired. Defendants note that the date of the accident at issue was November 20, 2017, but Plaintiff did not file the Motion for Leave to Amend until December 18, 2019, past the two-year statute of limitations on negligence claims. Defendants contend that because the facts set forth in the original Complaint do not support a punitive damage claim, Plaintiff may not amend and add a new claim for punitive damages after the statute of limitations has expired.

---

[1] Defendant's reliance on Burke v. Maassen, 904 F.2d 178 (3d Cir. 1900) is misplaced. In that case, involving a fatal tractor trailer accident, a jury trial was held and the jury awarded the plaintiff punitive damages based on the defendant driver's violation of the ten-hour limitation on driving time set forth in the Federal Motor Carrier Safety Regulations. Id. at 180–81. The defendant filed a motion for judgment notwithstanding the verdict, which the district court denied. Id. at 181. On appeal, the Third Circuit, reviewing all of the evidence presented at trial, reversed the punitive damage award and held that "[t]he record contains no evidence . . . that [defendant] himself appreciated this risk [of prolonged driving]." Id. at 183.

This case is in a starkly different procedural posture. At this stage of the case, I must take the allegations of the proposed Amended Complaint as true. While Defendants may ultimately produce evidence, either at the summary judgment stage or at trial, establishing that Defendants neither consciously appreciated the risk nor proceeded in disregard of that risk, such a factual determination is not appropriate on consideration of a motion for leave to amend.

Defendants are mistaken.  "[I]f a timely filed complaint does not contain a specific demand for punitive damages, the plaintiff can subsequently amend his complaint to include a claim for punitive damages when his original complaint contained allegations of deliberate and willful conduct," regardless of whether the amended complaint is within the statute of limitations. Goodfellow by Goodfellow v. Shohola, Inc., No. 16-1521, 2018 WL 3995696, at *3 (M.D. Pa. Aug. 21, 2018) (citing Shanks v. Alderson, 582 A.2d 883, 886 (Pa. Super. 1990), app. denied, 598 A.2d 994 (Pa. 1991)).

The original Complaint here contains sufficient allegations of reckless disregard to serve as notice to Defendants that they were exposed to potential punitive damages.  It alleges that the accident resulted "solely from the negligence, carelessness and recklessness of the Defendants." (Am. Compl ¶ 13.)  It goes on to assert that Defendant Scott Matthews operated the vehicle at issue "in violation of the Federal Motor Carrier Safety Regulations, the Pennsylvania Interstate Motor Carrier Safety Requirements and the laws of the Commonwealth of Pennsylvania governing the operation of motor vehicles on streets and highways."  (Proposed Am. Compl. ¶ 24(c).)  Finally, the Complaint states that Defendant Seashore Fruit and Produce Co. is directly responsible for:

> (a) negligently entrusting the motor vehicle to Defendant, Scott Matthews, whom defendants knew or should have known was incapable of safely operating it;
> . . .
> (c) failing to have in place appropriate polices and/or practices to ensure compliance with commercial motor vehicles and safety rules, including the Federal Motor Carrier Safety Regulations and the Pennsylvania Interstate Motor Carrier Safety Requirements.
>
> (d) negligently entrusting a motor vehicle to one known to have propensities for operation of a vehicle in violation of laws and safety rules of the Federal Motor Carrier Safety Regulations and the laws of the Commonwealth of Pennsylvania governing the operation of commercial motor vehicles on streets and highways.
> . . .
> (i) failing to properly investigate its driver, Scott Matthews', driving record and other qualifications as required by the Federal Motor

>  Carrier Safety Regulations and the Pennsylvania Interstate Motor Carrier Safety Requirements while allowing him to operate its commercial motor vehicles nonetheless.

(Proposed Am. Compl. ¶ 21(a), (c), (d), (i).)  Having been put on notice of Plaintiffs' claims of reckless conduct—and having failed to assert any bad faith or prejudice resulting from the allowance of the amendment—Defendants cannot now object on the basis of timeliness.

### IV.  CONCLUSION

In light of the foregoing, I will grant Plaintiff's Motion for Leave to Amend and direct that the proposed Amended Complaint be filed on the docket in this case.  An appropriate Order follows.